IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEE ANDREW FOSTER, JR.**                                                              **PLAINTIFF**
**ADC #142627**

**v.**                                      **Case No. 4:24-cv-00356-KGB**

**MATTREW ELIAS,** *et al.*                                                            **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate

Judge Joe J. Volpe (Dkt. No. 4).  Plaintiff Lee Andrew Foster has filed objections to the

Recommended Disposition (Dkt. No. 5).  The Court also has pending before it Mr. Foster's

motions for status, to comply, and for ruling (Dkt. Nos. 6; 7; 8).  After careful consideration of the

Recommended Disposition, the objections, and a *de novo* review of the record, the Court concludes

that the Recommended Disposition should be, and hereby is, approved and adopted as this Court's

findings in certain respects consistent with the terms of this Order (Dkt. No. 4).  The Court grants

Mr. Foster's motions for status and for ruling which seek an Order from the Court on Judge Volpe's

Recommended Disposition (Dkt. Nos. 6; 8).  The Court denies as moot Mr. Foster's motion to

comply because the Court is dismissing this case (Dkt. No. 7).

### I.    Background

Mr. Foster, currently confined in the Tucker Maximum Security Unit of the Arkansas

Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No.

2.).  Mr. Foster sued Sergeant Mattrew Elias, Major Joseph Mahoney, Deputy Warden Maurice

Culclager, Warden James Shipman, Deputy Director William F. Straughn, and ADC Director

Dexter Payne in their official and personal capacities (Dkt. No. 2, at 1-2).  According to Mr.

Foster's complaint, he was moved from restrictive housing to isolation pending a disciplinary

hearing which occurred on March 7, 2024 (Dkt. No. 2, at 5–7).  Mr. Foster asserts that the transfer

to isolation violated ADC rules and his due process rights.  Mr. Foster also claims that the transfer

to isolation was made in retaliation for letters that he wrote to the Governor and Director,

grievances he filed, and prior lawsuits he filed (Dkt. No. 2, at 5).  Mr. Foster seeks to have all

defendants terminated from their employment, to be transferred from the Maximum Security Unit,

to be promoted to "class one," to be "taken off restriction, released to population, and for the proper

procedure to be [e]nforced when dealing with inmates being housed in Isolation pending

disciplinary court review." (*Id.*, at 7).

II.    **Screening The Complaint**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. §

1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v.

Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be

weighted in favor of plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the

§ 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even

been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed

facts." *Id*.  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must

allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    Analysis

The Court writes separately to address Mr. Foster's objections (Dkt. No. 5).  Mr. Foster objects to Judge Volpe's Recommended Disposition claiming that he "must undergo a disciplinary court hearing before being placed on punitive" and that due process is required before being "denied his property." (Dkt. No. 5, at 1).  Unfortunately for Mr. Foster, the Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships" under *Sandin v. Conner*, 515 U.S. 472, 484–85 (1995). *Portley–El v. Brill,* 288 F.3d 1063, 1065 (8th Cir. 2002); *accord Kennedy v. Blankenship,* 100 F.3d 640, 642 n. 2, 643 (8th Cir. 1996) (placement in punitive isolation was not an atypical and significant deprivation even though the prisoner faced restrictions in privileges regarding mail, telephone, visitation, commissary, and personal possessions).  Because the Eighth Circuit has determined that administrative segregation and punitive isolation are not atypical and significant hardships, the loss of privileges do not give rise to a liberty interest, and there is no right to procedural due process regarding the loss of these privileges. *See Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019).

Mr. Foster mentions in his objections his loss of ability to earn good time credits implicates a liberty interest.  Prisoners can have a liberty interest in avoiding the loss of good time credit that entitles them to some protection under the due process clause, but that interest is a creation of state law. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *see Sandlin v. Conner,* 515 U.S. 472, 477–484 (1995) (holding that states may create liberty interests in good time credit protected by the Due Process Clause).  The Supreme Court of Arkansas finds no liberty interest in the accumulation or

loss of good-time credits under Arkansas law. *McKinnon v. Norris,* 231 S.W.3d 725 (Ark. 2006). The reasoning is that the accumulation and loss of good-time credit does not affect the length of a sentence but, rather, determines the location and conditions under which the sentence will be served. *McKinnon,* 231 S.W.3d at 729–730.

Mr. Foster emphasizes that he lost his personal property, as well as visitation and telephone privileges, which imposed an atypical and significant hardship on him while in segregation and subjected him to enhanced punishment. While the Court acknowledges Mr. Foster's complaints, the Eighth Circuit Court of Appeals has not found these to be atypical and significant hardships giving rise to a liberty interest and due process protections. *See Ballinger v. Cedar Cnty*, *Mo*., 810 F.3d 557, 562–563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that 30 days in punitive segregation was not an atypical and significant hardship under *Sandin*). Similarly, prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Smith*, 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n.4 (8th Cir. 2011).

Mr. Foster again reiterates that the ADC "has to follow ADC outlined procedures or it violates due process and the courts should intervene." (Dkt. No. 5). For the reasons stated in Judge Volpe's Recommended Disposition, Mr. Foster has no constitutional right to force ADC officials to comply with ADC rules and regulations (Dkt. No. 4, at 3 (citing *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Accordingly, Mr. Foster's objections are overruled.

#### IV.    Other Pending Motions

Also pending are Mr. Foster's motions for status and for ruling in which he asks the Court for an Order on Judge Volpe's Recommended Disposition and a motion to comply, in which he asks the Court to warn defendants in all his cases about the handling of his legal documents (Dkt. Nos. 6; 7; 8).  The Court grants Mr. Foster's motions for status and for ruling and enters an Order adopting Judge Volpe's Recommended Disposition (Dkt. Nos. 6: 8).  The Court denies Mr. Foster's motion to comply because the Court through this Order is dismissing the case and will no longer be forwarding legal documents to Mr. Foster (Dkt. No. 7).

#### V.    Conclusion

For these reasons, the Court adopts the Recommended Disposition as this Court's findings consistent with the terms of this Order (Dkt. No. 4) and dismisses without prejudice Mr. Foster's complaint for failure to state a claim upon which relief may be granted (Dkt. No. 2); grants Mr. Foster's motions for status and for ruling (Dkt. Nos. 6; 8); denies Mr. Foster's motion to comply (Dkt. No. 7); and certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.  The Court declines to adopt the recommendation that, in the future, this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), given the nature of the issues raised.

So ordered, this 24th day of February, 2025.

Kristine G. Baker
Chief United States District Judge

5